UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

**JORDAN BLANDON**,

    Plaintiff,

v.

**EL RANCHO GRANDE 2, INC**,
a Florida corporation,
**GEORGE RODRIGUEZ**,
Individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Jordan Blandon ("Blandon"), under the provisions of the Fair Labor Standards Act ("FLSA"), files this Complaint against Defendants, El Rancho Grande 2, Inc ("Rancho Grande") and George Rodriguez ("Rodriguez"), and alleges, as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(4), because these claims seek redress for violations of Plaintiff's federal civil and statutory rights.

2. At all material times, Rancho Grande was, and continues to be a Florida corporation, authorized to conduct and conducting business in Miami-Dade County, Florida.

3. At all material times, Rodriguez is *sui juris* and a resident of Miami-Dade County, Florida.

4. At all material times, Blandon is *sui juris* and a resident of Miami-Dade County, Florida.

5. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) as a substantial part of the events or omissions giving rise to the claims that occurred in this judicial district.

6. Upon information and belief, the annual gross revenue of Rancho Grande was at all material times hereto, in excess of $500,000.00 per annum.

7. At all material times hereto, Rancho Grande was and continues to be an enterprise engaged in interstate commerce.

8. At all material times hereto, Rancho Grande operated as an organization which purchased equipment and products manufactured outside the state of Florida; provided services to, sold, marketed, or handled goods and materials to customers throughout the United States; provided services for goods sold and transported from across state lines; obtained, solicited, and accepted funds from sources outside the state of Florida; used telephonic transmissions traversing state lines in the ordinary course of business; transmitted funds outside the state of Florida; and otherwise regularly engaged in interstate commerce.

9. As a result of the services provided by Rancho Grande, two or more of its employees regularly handled and worked with goods and materials moved in or produced in interstate commerce.

10. By reason of the foregoing, Rancho Grande was, during all material times hereto, an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(r)-(s), and Plaintiff is within interstate commerce.

11. Plaintiff regularly utilized and handled materials, equipment and goods manufactured and purchased from outside the state of Florida and regularly used the instrumentalities of interstate commerce in their world.

12. Upon information and belief, Rodriguez is the president of Rancho Grande and has economic and day-to-day control, and of the nature and structure of Plaintiff's employment relationship with Rancho Grande and is therefore an employer as defined by 29 U.S.C. Section 203(d).

## GENERAL ALLEGATIONS

13. Upon information and belief, Defendants employed Plaintiff for approximately one (1) year.

14. Plaintiff was employed as a non-exempt server.

15. Plaintiff worked an average of forty-five (45) hours per week, with five (5) hours of overtime.

16. Defendants failed/refused to pay to Plaintiff his minimum wages as required by the FLSA.

17. Additionally, Defendants failed refused to pay to Plaintiff his overtime wages as required by the FLSA.

18. Defendants willfully and intentionally failed/refused to pay to Plaintiff his federally required minimum and overtime wages.

19. Defendants knew of the minimum and overtime wage requirements of the FLSA and willfully/intentionally/recklessly failed to investigate whether its payroll practices were in accordance with the FLSA.

20. As a result, Plaintiff has suffered damages and is entitled to receive minimum and overtime wage compensation.

21. Plaintiff has complied with all conditions precedent to filing this action.

## PRE-SUIT DEMAND

22. On July 23, 2019, Plaintiff through his undersigned counsel, sent to Defendants a written pre-suit demand regarding the FLSA and Florida Statute violations, and requesting that they pay the amounts owed to Plaintiff, but Defendants failed/refused to do so.

## COUNT I
## MINIMUM WAGE (FLSA) AGAINST RANCHO GRANDE

23. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-two (22) above.

24. This is an action against Rancho Grande for minimum wage compensation pursuant to 29 U.S.C. § 216(b).

25. Rancho Grande knew of and showed reckless disregard for the provisions of the FLSA because Rancho Grande knew or should have known that Plaintiff was not being compensated at the lawful minimum wage.

26. Rancho Grande did not have a reasonable objective belief that it was not required to pay Plaintiff minimum wage.

27. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## COUNT II
## MINIMUM WAGE (FLSA) AGAINST RODRIGUEZ

28. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-two (22) above.

29. This is an action against Rodriguez for minimum wage compensation pursuant to 29 U.S.C. § 216(b).

30. Rodriguez knew of and showed reckless disregard for the provisions of the FLSA because Rodriguez knew or should have known that Plaintiff was not being compensated at the lawful minimum wage.

31. Rodriguez did not have a reasonable objective belief that he was not required to pay Plaintiff minimum wage.

32. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## COUNT III
## OVERTIME (FLSA) AGAINST RANCHO GRANDE

33. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-two (22) above.

34. This is an action against Rancho Grande for overtime wage compensation pursuant to 29 U.S.C. § 216(b).

35. Plaintiff routinely worked in excess of forty (40) hours per week for Rancho Grande.

36. Specifically, Plaintiff estimates that he worked for Rancho Grande for a total of forty-five (45) hours per week, with five (5) overtime hours.

37. Plaintiff was a non-exempt hourly employee, entitled to be compensated at a rate of one and one-half his regular rate for all hours worked in excess of forty (40) hours per week.

38. Rancho Grande knew or should have known that Plaintiff suffered or was permitted to work overtime as defined in 29 U.S.C. § 203(g).

39. Rancho Grande failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates, for which he was employed, contrary to the provisions of 29 U.S.C. § 207(a).

40. At all material times, Rancho Grande knew or should have known that such refusal and/or failure is prohibited by the FLSA.

41. Notwithstanding, Rancho Grande intentionally and willfully violated the FLSA, as cited herein.

42. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## COUNT IV
## OVERTIME (FLSA) AGAINST RODRIGUEZ

43. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-two (22) above.

44. This is an action against Rodriguez for overtime wage compensation pursuant to 29 U.S.C. § 216(b).

45. Plaintiff routinely worked in excess of forty (40) hours per week for Rodriguez.

46. Specifically, Plaintiff estimates that he worked for Rodriguez for a total of forty-five (45) hours per week, with five (5) overtime hours.

47. Plaintiff was a non-exempt hourly employee, entitled to be compensated at a rate of one and one-half his regular rate for all hours worked in excess of forty (40) hours per week.

48. Rodriguez knew or should have known that Plaintiff suffered or was permitted to work overtime as defined in 29 U.S.C. § 203(g).

49. Rodriguez failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates, for which he was employed, contrary to the provisions of 29 U.S.C. § 207(a).

50. At all material times, Rodriguez knew or should have known that such refusal and/or failure is prohibited by the FLSA.

51. Notwithstanding, Rodriguez intentionally and willfully violated the FLSA, as cited herein.

52. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

53. Plaintiff hereby demands a jury trial of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jordan Blandon, respectfully requests that judgment be entered in his favor against Defendants, El Rancho Grande 2, Inc and George Rodriguez, as follows:

(a) Declaring pursuant to 29 U.S.C. § 206(a), 28 U.S.C § 2201 and § 2202, that the acts and practices of the Defendants complained of herein are in violation of the FLSA;

(b) Permanently enjoining the Defendants, their agents, officers and employees from engaging in all practices found by this court to be in violation of the FLSA;

(c) Awarding Plaintiff damages against Defendants, for lost and withheld compensation, and overtime wages compensation for all hours that he worked for Defendants over forty (40) hours per week, but for which he was not compensated at the required overtime rate;

(d) Awarding Plaintiff liquidated damages;

(e) Awarding Plaintiff reasonable attorney's fees, costs, interest, and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

(f) Ordering any other further relief that this Court may deem just and proper.

Respectfully submitted this 26th day of August 2019.

By: /s/ Henry Hernandez
Henry Hernandez, Esq.
Florida Bar No. 542601
Law Office of Henry Hernandez, P.A.
*Counsel for Plaintiff*
2655 S. Le Jeune Road, Suite 802
Coral Gables, FL 33134
Email: Henry@HHLAWFLORIDA.com
Tel: 305.771.3374

By: /s/ Monica Espino
Monica Espino, Esq.
Florida Bar No. 834491
Espino Law
*Co-Counsel for Plaintiff*
2655 S. Le Jeune Road, Suite 802
Coral Gables, FL 33134
Email: me@espino-law.com
Tel: 305.704.3172